IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| G. Steven Pinion, A. Las Dulce, Charon Turner, Jessie Ervin, Jonathan Avina, Carlos Dorado, Hector Ramos, Herbert Burroughs, Jr., Travis Key, Keith Allen Deas, Jeremiah Johnson, Anthony Vita, Jack Rogers, Jerry Lowe, Bruce Willis, Joseph Wood, Isreael Reco,<br><br>Plaintiffs,<br><br>v.<br><br>FCI Edgefield,<br><br>Defendant. | C/A No. 8:20-cv-1352-JFA-JDA<br><br><br><br><br><br><br><br>**ORDER** |

Petitioners are prisoners in the custody of the Federal Bureau of Prisons and are currently incarcerated in South Carolina at the Edgefield Federal Correctional Institution ("FCI Edgefield"). Proceeding *pro se*, Petitioners commenced this action by filing a "Request for Emergency Injunction." (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Upon review of the initial filing, the Magistrate Judge construed the request as a Petition for writ of mandamus under 28 U.S.C. § 1361 and analyzed it accordingly. Thereafter, the Magistrate Judge assigned to this action[1] prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Recommendation ("Report"). (ECF No. 6). Within the Report, the Magistrate Judge conducted a review pursuant to the procedural provisions of 28 U.S.C. § 1915A and recommends that this matter be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) without requiring the Respondent to file a response.[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioners were advised of their right to object to the Report, which was entered on the docket on April 15, 2020. *Id.* The Magistrate Judge required Petitioners to file objections by April 29, 2020. *Id.* Petitioners have failed to file objections or otherwise respond. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioners have failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the Petitioners' pleadings fail

---

[2] The Magistrate Judge also recommends suspending the filing fee because this matter is subject to summary dismissal.

to demonstrate the necessary conditions for the issuance of a writ of mandamus and should be dismissed pursuant to 28 U.S.C. § 1915.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 6). Consequently, this matter is summarily dismissed without requiring the Respondent to file an answer or return. Additionally, the filing fee in this matter is suspended in the interests of justice and judicial economy.

IT IS SO ORDERED.

May 8, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge